IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHELLY R. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-1212-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Shelly R. Parker seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 25, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1973 and was 35 years old on her alleged disability onset date of November 21, 2008. Plaintiff has past relevant work as a cashier and check cashier. Plaintiff alleges disability due to depression, anxiety, fibromyalgia, high blood pressure, memory problems, acid reflux, and bladder problems.

The Administrative Law Judge (ALJ) determined plaintiff met the insured status requirements of the Social Security Act through March 31, 2009, and had not engaged in gainful activity since November 21, 2008, her alleged disability onset date. The ALJ found plaintiff suffered from the severe impairments of anxiety disorder, and Raynaud's Syndrome. The ALJ determined plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff was determined to have the residual functional capacity (RFC) to perform light work with some limitations to account for her impairments. Based on this RFC and the testimony of a vocational expert, the

ALJ determined that while plaintiff was unable to perform any past relevant work, there remained jobs that exist in significant numbers in the national economy that plaintiff can perform. The vocational expert testified that plaintiff could perform jobs such as small parts assembler, electrical assembler, and mail router. Based on these findings, the ALJ determined that plaintiff has not been under disability as defined by the Social Security Act, from November 21, 2008, through the date of this decision.

Plaintiff alleges the ALJ erred in (1) discounting the opinions of plaintiff's treating physicians and giving more weight to the consulting physicians' opinions; and (2) failing to find plaintiff's hyperactive bladder a severe impairment. The Commissioner argues the ALJ properly considered plaintiff's depression and anxiety were caused by situational familial stress related to raising her six children and financial issues. The Commissioner further argues the ALJ properly discussed all of the nonmedical and medical evidence, including the multiple medical opinions in record. The Commissioner asserts that the ALJ gave proper basis for the weight given to each of the medical opinions. The Commissioner argues the ALJ's decision is supported with substantial evidence in the record.

Upon review, this Court agrees with the plaintiff, and the Commissioner concedes, that plaintiff suffered from hyperactive bladder beyond October 2010, contrary to the ALJ's findings. The ALJ appears to have been mistaken in his statement that plaintiff had no problems with hyperactive bladder symptoms after October 2010. The record clearly reflects otherwise. Accordingly, this Court finds the ALJ did err in not determining plaintiff's hyperactive bladder to be a severe impairment. See Nicola v. Astrue, 480 F.3d 885 (8th Cir. 2007) (an impairment should be considered severe when the diagnosis is supported by sufficient medical evidence).

While the Commissioner argues this is harmless error, the proceedings in this case indicate otherwise. First, clearly the ALJ erred in failing to consider plaintiff's hyperactive bladder to be a severe impairment. Pursuant to Nicola, this is reversible error. Id. at 887 (error at step 2 of sequential analysis was not harmless error where medical evidence supported that the impairment was severe). Moreover, this error is not harmless because in addition to not considering plaintiff's hyperactive bladder to be a severe impairment, the ALJ failed to consider plaintiff's hyperactive bladder at all, not even as a nonsevere impairment, in determining plaintiff's RFC. Cf: Bryant v. Astrue, 2013 WL 571761 *4 (E.D. Mo. 2013) ("ALJ's failure to

find a particular impairment severe does not require reversal where the ALJ considers all of a claimant's impairments, severe and non-severe, in his or her subsequent analysis."); Spainhour v. Astrue, 2012 WL 5362232 *3 (W.D. Mo. 2012) (failure to consider impairment severe at step 2 was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC). Accordingly, this case must be remanded for proper consideration of plaintiff's hyperactive bladder as a severe impairment at step 2 of the analysis. Thereafter, the ALJ should properly consider plaintiff's hyperactive bladder in determining plaintiff's RFC and in determining whether other work exists in significant numbers in the national economy which plaintiff can perform.

The Court finds all other aspects of the ALJ's opinion are properly supported by substantial evidence in the record as a whole and are affirmed. The ALJ gave proper basis for the treatment of the medical evidence of record, including the opinions of plaintiff's treating physician and consulting physician, as well as basis for discounting plaintiff's credibility. See Heino v. Astrue, 578 F.3d 873, 879-80 (8th Cir. 2009) (stating the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole or other medical evaluations are "supported by better or more thorough medical evidence"); Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006) (having determined that treating physician's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians). See also Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) ("Where adequately explained and supported, credibility findings are for the ALJ to make.").

**Conclusion**

After carefully reviewing the record, the Court finds the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is remanded for further development of the record as set forth herein.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 31st day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge